United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENA' NENA' HENASH, INC. dba TANANA CHIEFS CONFERENCE, an Alaska non-profit corporation,<br><br>    Plaintiff,<br><br>   v.<br><br>ORACLE CORPORATION, a Delaware corporation,<br><br>    Defendant.<br>_____/ | No. C 07-633 CW<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING IT IN PART AND GRANTING DEFENDANT'S MOTION TO STRIKE |

    Defendant Oracle Corporation again moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the third, fourth, fifth and sixth causes of action in this case and pursuant to Federal Rule of Civil Procedure 12(f) to strike portions of the complaint.  Plaintiff Dena' Nena' Henash, Inc., d.b.a. Tanana Chiefs Conference (TCC) opposes the motions.  The motions were heard on October 11, 2007.  Having considered all of the papers filed by the parties and oral argument on the motions, the Court grants in part Defendant's motion to dismiss and denies it in part and grants Defendant's motion to strike.

BACKGROUND

As stated in the Court's earlier order, this case arises out of two agreements between the parties, the License and Services Agreement (License Agreement) and the Services Agreement, through which Oracle was to implement a software program for TCC.[1]  In February, 2006, Plaintiff filed this suit in the District of Alaska, alleging six causes of action: (1) breach of contract and express warranty, (2) negligence, (3) fraudulent misrepresentation, (4) negligent misrepresentation, (5) constructive fraud, (6) violation of the Alaska Unfair Trade Practices Act (AUTPA), and (7) breach of the implied covenant of good faith and fair dealing. Defendant filed a motion to dismiss the action for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), and, in the alternative, to dismiss the third through sixth claims for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Alaska court found that the proper venue for the case was the Northern District of California and exercised its discretion to transfer the case rather than dismiss it.  The case was transferred to this Court on December 15, 2006.

On May 16, 2007, the Court granted in part and denied in part Defendant's motion to dismiss the third through sixth causes of action in Plaintiff's first amended complaint (FAC) and granted in part and denied in part its motion to strike portions of the FAC. Specifically, the Court dismissed with leave to amend Plaintiff's

---

[1] For a detailed summary of the factual background of this case, see the Court's May 16, 2007 order granting in part and denying in part Defendant's motion to dismiss and motion to strike.

2

third cause of action for fraudulent misrepresentation and fourth cause of action for negligent misrepresentation because the allegedly fraudulent statements upon which the claims were based were too vague, or incapable of being proven false when made, and therefore could not support a claim of fraud. The Court dismissed with prejudice Plaintiff's fifth cause of action for constructive fraud. Finally, the Court dismissed Plaintiff's sixth cause of action under the Alaska Unfair Trade Practices Act (AUTPA) for two reasons. First, the Court dismissed the claim with prejudice to the extent it was based on allegations related to the License Agreement because that agreement contains a California choice of law provision. Next, the Court dismissed the claim with leave to amend to the extent it was based on allegations related to the Services Agreement, finding that claims based on the Services Agreement are controlled by Alaska law. However, the claim was based on the same allegedly fraudulent statements as the third and fourth causes of action. Therefore, the Court advised Plaintiff that it could replead its AUTPA claim if it could plead actionable fraud related solely to the Services Agreement.

Plaintiff filed its Second Amended Complaint (SAC) on June 7, 2007, re-alleging its claims for (1) breach of contract and express warranty; (2) negligence, (3) fraudulent misrepresentation, (4) negligent misrepresentation, (5) violation of AUTPA, and (6) breach of the implied covenant of good faith and fair dealing. Defendant now moves to dismiss the third, fourth and fifth claims and to strike portions of the SAC, arguing that Plaintiff has not remedied the problems identified in the Court's order on the first

motion to dismiss.

## DISCUSSION

I.  Motion to Dismiss

As stated in the Court's earlier order, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff need not set out in detail the facts upon which it bases its claim; however, the plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); see Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true, id., and are construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F. 2d 896, 898 (9th Cir. 1986).

Defendant argues first that Plaintiff again fails to allege fraud with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). Therefore, Defendant contends that Plaintiff's third cause of action for fraudulent misrepresentation and fourth cause of action for negligent misrepresentation, which both sound in fraud, must be dismissed. Defendant also argues that Plaintiff's AUTPA claim, which is based on the same fraudulent statements, fails for the same reason. Further, Defendant contends that the AUTPA claim still contains allegations related to the License Agreement in violation of the Court's order.

A.  Failure to Allege Fraud with Particularity

Federal Rule of Civil Procedure 9(b) provides, "In all

4

averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  If a plaintiff alleges "a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  Here, Plaintiff's fraudulent misrepresentation, negligent misrepresentation and AUTPA claims sound in fraud and so must be plead with particularity.

    The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985).  Statements of the time, place and nature of the alleged fraudulent activities are sufficient, <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987), provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false."  <u>In re GlenFed, Inc., Sec. Litig.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).  Scienter may be averred generally, simply by saying that it existed.  <u>See id.</u> at 1547; see Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally").  As to matters peculiarly within the opposing party's knowledge, pleadings based on information and belief may satisfy Rule 9(b) if they also state the facts on which the belief is founded.  <u>Wool</u>, 818 F.2d at 1439.

5

In dismissing these claims in the FAC, the Court advised Plaintiff:

> In order to restate these claims against Defendant, Plaintiff must identify who made specific false statements of fact, when they made them, what they said, why Plaintiff believes the statements were knowingly false when made, how Plaintiff will prove that they were knowingly false when made, and how the misrepresentations harmed Plaintiff.

May 16, 2007 Order at 12.

In the FAC, Plaintiff alleged that many of the fraudulent statements were made in writing and attached documents to support those claims. In addition, Plaintiff alleged that Defendant's representatives made additional oral misrepresentations in meetings.

In the SAC, Plaintiff now alleges that Defendant made only oral misrepresentations, most of which are more tempered versions of the statements alleged in the FAC. Plaintiff alleges two sets of misrepresentations, which were designed to induce it to enter into the Services Agreement and to agree to a time and materials contract rather than a fixed price contract. SAC ¶¶ 13, 14.

The SAC also includes a claim that Defendant fraudulently induced Plaintiff to enter into the License Agreement. See SAC ¶ 11. However, at oral argument, counsel stated that Plaintiff no longer alleges that the License Agreement was fraudulently induced. Therefore, the Court deems the claims based on the allegations contained in Paragraph 11 to have been voluntarily dismissed.

1.   Paragraph 13

Plaintiff alleges that after it entered into the License Agreement, it had "numerous communications" with various named

6

Oracle representatives "with respect to the execution of an agreement with Oracle under which Oracle would provide services for the Phase One software implementation." SAC ¶ 13. Plaintiff alleges that Defendants made two misrepresentations, "designed to induce TCC to enter into a contract with Oracle." Id.

    a.  Paragraph 13(a)

Plaintiff first alleges that the Oracle representatives indicated that "[t]he Phase One software could be implemented, and TCC could go live on that software, within 90 days." SAC ¶ 13(a).[2] Defendant argues that this claim is undermined by the ordering document to the Services Agreement, which indicates that the agreement covers only "[t]he basic functionality of the Flows" and indicates a longer estimated timeline than ninety days. SAC, Ex. D at 9. However, there is nothing in that document which indicates that "the basic functionality of the flows" is the same thing as Phase One, which the SAC defines as encompassing only "[t]he portions of Oracle's software system that needed to be implemented to replace the functionality provided by TCC's legacy system." SAC ¶ 11(a).

In fact, Plaintiff sought "to replace a legacy system that was neither sufficiently reliable nor otherwise adequate to meet TCC's current and future needs." SAC ¶ 8. If the entire scope of the

---

[2] At oral argument, the Court considered whether this allegation is inconsistent with Plaintiff's prior allegation that "the implementation could be fully completed within 90 days." FAC ¶ 10(e); see Reddy v. Litton Indus., 912 F.2d 291, 296-97 (9th Cir. 1990). However, as Plaintiff contended, the FAC did not define the scope of "implementation." Therefore, the Court finds that the current allegation does not contradict the FAC.

7

1 project was to replace an unreliable and inadequate system, it is
2 not unrealistic that Plaintiff might have sought an initial phase
3 to provide the functions of its existing system in a reliable
4 manner before proceeding to the remainder of the project to provide
5 capabilities beyond the existing functions.

6 Defendant also argues that this claim is an "overly vague
7 statement of opinion on which TCC could not reasonably rely,
8 because a "statement that Oracle 'could' do something, on its face,
9 permits the possibility that it 'could not' do that same thing."
10 Motion at 7.  However, Plaintiff alleges that, in negotiating the
11 Services Agreement, it relied on Defendant's representation that it
12 could (i.e. was able to) meet the ninety-day deadline.  In this
13 context, the statement is neither vague nor a statement of opinion.
14 Rather, it is a concrete representation of a timeline that
15 Defendant was able to offer.

16 The Court finds that the allegation regarding the completion
17 of Phase One within ninety days supports Plaintiff's fraud cause of
18 action.

19         b.    Paragraph 13(b)

20 Plaintiff next alleges that Defendant represented that "[n]o
21 customization of Oracle's software would be needed during the
22 implementation of the Phase One software," but that this assertion
23 proved false when Oracle consultants "spent considerable time and
24 resources creating [a] customized integration link" between the
25 grants and payroll modules of the program.  SAC ¶ 13(b), 17(f).
26 Plaintiff alleges that, given Defendant's knowledge of its own
27 software and the complexity of Plaintiff's needs, this statement

8

was, at best, made in reckless disregard of the truth. Defendant argues that allowing this claim to go forward would allow fraud challenges based on most agreements to provide services. However, Plaintiff alleges that it is prepared to present expert and lay testimony establishing that Defendant knew or was reckless in disregarding that customizations would be necessary in order to implement Phase One. Plaintiff's allegation regarding the need for customization supports its fraud cause of action.

    3.    Paragraph 14

Finally, Plaintiff alleges that these same misrepresentations "were also designed to induce TCC to agree that the consulting contract with Oracle should be structured as a time and materials contract." SAC ¶ 14. Further, Plaintiff alleges that one of Defendant's representatives made additional false statements, that a time and materials contract would provide a "substantial cost savings to TCC" and that because the project was a "fairly predictable, basic flows implementation," a time and materials contract was "in TCC's best interest." Id.

However, Plaintiff does not make sufficient allegations that Defendant's statements were knowingly false when made. Although the statements purportedly turned out to be incorrect, Plaintiff alleges only that, given Defendant's sophistication and knowledge of the complexity of Plaintiff's needs, Defendant must have known that the statements were false. While these allegations may be sufficient to sustain a fraud claim based on a clear statement of fact that can be proved false, such as the statement regarding customizations challenged in Paragraph 13(b), they are not

9

sufficient to sustain a claim based on a subjective prediction that one type of contract would be in a party's best interest. If this were enough to sustain Plaintiff's claim, any time a sophisticated company contracted to do a complicated project but could not meet its predicted deadlines or could not stay within an estimated budget, it would be subject to liability for fraud. The Court grants Defendant's motion to dismiss the fraud allegations in Paragraph 14.

B.   AUTPA Claim

In the May 16, 2007 order, the Court instructed Plaintiff that it "may bring an AUTPA claim based solely on unfair practices related to the Services Agreement" and that it "must plead actionable fraud . . . or provide other bases for its AUTPA claim." May 16, 2007 Order at 20. Defendant argues that Plaintiff failed to follow either of these instructions.

Plaintiff states that it mistakenly failed to eliminate references to its claims based on the License Agreement in its AUTPA claim in the SAC. Further, at argument Plaintiff made clear that it now abandons any claim based on the License Agreement. Because these references can easily be eliminated, the Court will not dismiss the AUTPA claim on these grounds and strikes the reference to Paragraph 11 in Paragraph 49 of the SAC.

As stated above, the Court finds that Plaintiff has plead actionable fraud based on its allegations of statements Defendant made regarding the need for customizations of its software. However, as Defendant argues, these allegations, even if now solely supporting the claim of inducement of the Services Agreement in the

10

SAC, require reference to the License Agreement because they concern the functionality of the software itself. In other words, Plaintiff alleges that, because the software did not function as Defendant said that it would, Defendant had to perform customizations. As Defendant notes, the Alaska court already determined that any claim about the functionality of the software arises out of the License Agreement, which is controlled by California law. See District of Alaska December 15, 2006 Order at 10.

Therefore, the Court grants Defendant's motion to dismiss Plaintiff's AUTPA claim with prejudice. Plaintiff has not plead an AUTPA claim based solely on the Services Agreement.

II. Motion to Strike

Defendant also moves to strike Plaintiff's prayer for punitive damages based on its claim for breach of the implied covenant of good faith and fair dealing. That claim is based upon the Services Agreement, which the Court previously found to be controlled by Alaska law. See May 16, 2007 Order at 20. Defendant argues and Plaintiff concedes that under Alaska law, "punitive damages are not recoverable for breach of the implied covenant of good faith and fair dealing." Acro Alaska, Inc. v. Akers, 753 P.2d 1150, 1155 (Alaska 1988). The Court grants Defendant's motion to strike.

CONCLUSION

For the foregoing reasons, the Court GRANTS in part Defendant's motion to dismiss and DENIES it in part and GRANTS

11

Defendant's motion to strike (Docket No. 27).[3]

IT IS SO ORDERED.

Dated: 10/31/07

CLAUDIA WILKEN
United States District Judge

---

[3] Defendant's evidentiary objections to the declarations filed in support of Plaintiff's opposition are DENIED as moot (Docket No. 32). The Court did not consider any improper or inadmissible evidence in deciding these motions.