| | |
|---|---|
| 1 | Bingham McCutchen LLP |
| | GEOFFREY M. HOWARD (SBN 157468) |
| 2 | THOMAS S. HIXSON (SBN 193033) |
| | NIMA E. SOHI (SBN 233199) |
| 3 | Three Embarcadero Center |
| | San Francisco, CA 94111-4067 |
| 4 | Telephone: (415) 393-2000 |
| | Facsimile: (415) 393-2286 |
| 5 | geoff.howard@bingham.com |
| | thomas.hixson@bingham.com |
| 6 | nima.sohi@bingham.com |
| 7 | Oracle USA, Inc. |
| | DAVID E. GARRETT (SBN 190923) |
| 8 | 500 Oracle Parkway |
| | M/S 5op7 |
| 9 | Redwood City, CA 94065 |
| | Telephone: (650) 506-5200 |
| 10 | Facsimile: (650) 506-7114 |
| | dave.garrett@oracle.com |
| 11 | |
| | Attorneys for Defendant |
| 12 | Oracle USA, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DENA' NENA' HENASH, INC. d/b/a TANANA CHIEFS CONFERENCE, an Alaska non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION, a Delaware Corporation,<br><br>Defendant. | No. CV-07-00633-CW<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |

1    Disclosure and discovery activity in the above-captioned action (the "Action") are
2    likely to involve the production of confidential, proprietary, or private information for which
3    special protection from public disclosure and from use for any purpose other than prosecuting
4    this litigation would be warranted.  Accordingly, Plaintiff Dena' Nena' Henash, Inc. d/b/a
5    Tanana Chiefs Conference ("TCC") and Defendant Oracle USA, Inc. ("Oracle"), hereby
6    stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective
7    Order").  The parties acknowledge that this Protective Order does not confer blanket protections
8    on all disclosures or responses to discovery and that the protection it affords extends only to the
9    limited information or items that are entitled under the applicable legal principles to treatment as
10   confidential.  The parties further acknowledge that this Protective Order creates no entitlement to
11   file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must
12   be followed and reflects the standards that will be applied when a party seeks permission from
13   the Court to file material under seal.
14       It is hereby ordered that the terms and conditions of this Protective Order shall
15   govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits,
16   computer readable data storage media and all other information exchanged by the parties in this
17   action, or provided by or obtained from non-parties in this action (the "Discovery Material").
18       It is hereby ORDERED as follows:
19   1.   This Protective Order shall be applicable to and govern all depositions,
20   documents, information or things produced by a party or third party in connection with this
21   litigation in response to requests for production of documents, requests for inspections of things,
22   answers to interrogatories, responses to requests for admissions, answers to deposition questions
23   and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as
24   testimony adduced at trial, matters in evidence, and other information that the Disclosing Party
25   designates as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes
26   Only."
27   2.   Any non-party to this Action may designate any Discovery Material produced by
28   it, whether pursuant to subpoena or by agreement, as "Confidential Information" or "Highly

Confidential Information - Attorneys' Eyes Only" pursuant to the terms of this Protective Order, upon such non-party's execution of a Declaration of Compliance with this Protective Order substantially in the form attached to this Protective Order as Exhibit A.  A Party (or, if applicable, non-party) designating Discovery Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall be referred to for purposes of this Protective Order as the "Designating Party."  Any Party (or, if applicable, non-party) receiving Discovery Material designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall be referred to for purposes of this Protective Order as the "Receiving Party."  Counsel for any Designating Party may designate any Discovery Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information.  The designation by any Designating Party of any Discovery Material as "Confidential Information" or "Highly Confidential Information- Attorneys' Eyes Only" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party, and that there is a valid basis for such designation.

3. For purposes of this Protective Order, "Confidential Information" shall include all non-public information or matter related to: financial or business plans or projections; acquisition offers or expressions of interest; proposed strategic transactions or other business combinations; compensation plans; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; confidential financial data or results; tax data; confidential information regarding assets and liabilities; valuation analyses; competitive analyses; confidential personnel information; personal financial information; personal information subject to protection under California law; or other commercially or personally sensitive or proprietary information.  Notwithstanding the foregoing, Confidential Information shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection

with this action, a matter of public record or publicly available by law or otherwise.

4. For purposes of this Protective Order, "Highly Confidential Information" shall include only extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential documents related to current or future business plans or strategies, the disclosure of which to the receiving Parties or non-parties (other than the Designating Party) would be likely to cause competitive or business injury to the Designating Party (other than injury to the Designating Party's position in this Action). In general, information related to the implementation of the Oracle software at issue in this case, and not containing sensitive internal Oracle financial information, should not be designated "Highly Confidential." Highly Confidential Information shall be designated as "Highly Confidential Information – Attorneys' Eyes Only" and the use and disclosure of such information shall be restricted as set forth below. Notwithstanding the foregoing, Highly Confidential Information shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this action, a matter of public record or publicly available by law or otherwise.

5. Any Discovery Material designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only," whether such information is provided orally or by a document or in electronic form, shall be maintained as set forth in the Protective Order, and shall not be disclosed to any person or entity, except as set forth in the Protective Order.

6. All Discovery Material, whether or not filed or lodged with the Court, that a Designating Party contends constitutes "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall be designated by the Designating Party as follows:

    a. Documents or other tangible Discovery Material shall, at the time of their production, be designated by stamping or labeling the same with the legend "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" on each page containing such information. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) and must specify, for each portion, the level of protection being asserted.

1         b.        Deposition testimony shall be designated "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" (i) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (ii) by written notice sent to counsel of record for all Parties within three (3) business days after receiving a copy of the final, hard copy transcript thereof, identifying the specific pages thereof designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only." In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" be affixed to the portions of the original and all copies of the transcript. Counsel shall not permit deposition transcripts to be distributed to persons beyond those specified in Paragraphs 9 or 10 below until the relevant period for the designation has expired. The Parties may modify this procedure for any particular deposition through agreement on the record at such depositions without further order of the Court.

        c.        Non-documentary and non-testimonial material, such as oral statements, shall be so designated orally at the time of disclosure and promptly confirmed in writing.

        d.        Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

7. If timely corrected, an inadvertent failure to designate Discovery Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall not, standing alone, constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" in a manner consistent with Paragraph 6. The Party receiving such supplemental written notice shall thereafter mark and treat materials so designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" as the case may be, and such materials shall be fully subject to this Protective Order as if they had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Protective Order and prevent further disclosures except as authorized under the terms of this Protective Order.

8. Except as the Designating Party or its counsel may otherwise agree in writing, or as the Court may otherwise order, all Discovery Material marked or otherwise identified as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" and received by any Receiving Party pursuant to this Protective Order: (a) shall be disclosed only to such persons and in such manner as set forth in this Protective Order; (b) shall be used solely for the purposes of preparation for trial, trial of and/or appeal from this Action and no other; and (c) shall not be used by the Receiving Party for any other purposes, including, without limitation, any business or commercial purpose. The foregoing prohibitions on the use of Confidential Information and Highly Confidential Information shall survive the termination of this Action.

9. Counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Confidential Information" and/or any information derived from such Discovery Material only to the following persons:

    a. Counsel to the Parties in this Action (outside counsel, of counsel, and in-house counsel, including members of the outside counsel firms, associate attorneys, contract

attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and consultants and vendors of such Counsel to the Parties (including trial consultants, jury consultants, and service vendors such as outside copying services, outside litigation support services, translations services or graphics, design, or document handling services/consultants retained in connection with this Action for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings) ("Consultants and Vendors"), provided that no Discovery Material designated as "Confidential Information" shall be disclosed to any temporary employees of Counsel to the Parties unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A;

    b. The Parties and directors or employees of the Parties assisting counsel for the purposes of this Action;

    c. Witnesses or deponents (other than witnesses and deponents otherwise covered by (b) above), and their counsel, during the course of and, only to the extent necessary, in preparation for depositions or testimony in this Action;

    d. Retained experts and expert consultants assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, subject to the provisions of Paragraph 12 below;

    e. The Court and its staff and administrative personnel, and Court reporters, videographers and stenographers employed to take depositions, and any essential personnel retained by the Court; and

    f. Any other person only upon order of the Court or upon stipulation of the Designating Party.

10. Counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Highly Confidential Information – Attorneys' Eyes Only" and/or any information derived from such Discovery Material only to the following persons:

    a. Counsel to the Parties in this Action (outside counsel and of counsel including members of the outside counsel firms, associate attorneys, contract attorneys,

1 paralegals, secretarial staff, clerical and other regular or temporary employees), and Consultants
2 and Vendors of such Counsel to the Parties, provided that no Discovery Material designated as
3 "Highly Confidential Information – Attorneys' Eyes Only" shall be disclosed to any temporary
4 employees of Counsel to the Parties unless and until such person has executed a Declaration of
5 Compliance substantially in the form attached to this Protective Order as Exhibit A;

6       b. From each of TCC and Oracle, three in-house counsel who are employed
7 by the legal department for a Party and who are acting as legal counsel in connection with this
8 Action, as well as the designated in-house counsels' necessary secretarial, clerical, administrative
9 or support staff, provided that the designated in-house counsel, secretarial, clerical,
10 administrative or support staff are not involved in competitive decision-making for the Party
11 (*i.e.*, development, marketing or pricing decisions) as to the subjects of the information
12 designated as "Highly Confidential Information – Attorneys' Eyes Only." Oracle designates
13 David E. Garrett, Dorian Daley and Deborah Miller for this access, and TCC designates Mark
14 Andrews. Both parties reserve the right to challenge access to these in-house counsel designees
15 based on later-acquired information. If either party has fewer than three designees, it may name
16 additional in-house counsel (up to a total of three) pursuant to this paragraph by proposing an
17 amendment to this Protective Order. Consent to such proposed amendment will be deemed
18 given by the other parties if objection is not made within seven business days. In the event that
19 any in-house attorney designated by a Party under this subparagraph should leave the employ of
20 either TCC or Oracle, as applicable, a replacement in-house attorney may be named by the
21 relevant Party, subject to the restrictions of this subparagraph;

22       c. Witnesses or deponents and their counsel, during the course of and, only
23 to the extent necessary, in preparation for depositions or testimony in this Action provided that
24 the witness or deponent shall execute a Declaration of Compliance substantially in the form
25 attached to this Protective Order as Exhibit A acknowledging that the deponent will treat
26 documents designated "Highly Confidential Information – Attorneys Eyes Only" in accordance
27 with the Protective Order and that the deponent agrees to be bound by the terms of this
28 Protective Order;

    d.  Retained experts and expert consultants assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, subject to the provisions of Paragraph 12 below;

    e.  The Court and its staff and administrative personnel, and Court reporters, videographers and stenographers employed to take depositions, and any essential personnel retained by the Court; and

    f.  Any other person only upon order of the Court or upon stipulation of the Designating Party.

  11.  Counsel for any Party to this litigation or counsel for the witness may exclude from the room during any deposition any person (other than the witness) who is not entitled under the provisions of Paragraph 9 or 10 to receive or review "Confidential Information" or "Highly Confidential Information - Attorneys Eyes' Only" Discovery Material. The witness may be shown or examined on any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material if he or she is entitled under the provisions of Paragraphs 9 or 10 to receive or review "Confidential Information" or "Highly Confidential Information - Attorneys Eyes' Only" Discovery Material, or if such disclosure to the witness is reasonably necessary. In such event, the witness must first be advised of the confidential nature of the Discovery Material, and be informed and agree on the record that any unauthorized disclosure of the information contained in the Discovery Material may constitute a contempt of this Court. The parties shall not attempt to use internal documents from the other party that do not describe communications with a third party in an effort to inflame or prejudice the testimony of the third party. A third-party deponent must execute a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A, acknowledging that the deponent will treat documents designated "Confidential Information" or "Highly Confidential Information – Attorneys Eyes Only" in accordance with the Protective Order and that the third-party deponent agrees to be bound by the terms of this Protective Order.

12. Experts and/or Expert Consultants.

   a. "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, provided that such expert or expert consultant: (i) is not currently, or has not in the past year from the date of this Protective Order, been a competitor of the non-retaining Party, or a partner, director, officer, employee or other affiliate of such a competitor; (ii) is using said "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material solely in connection with this Action; and (iii) signs a Declaration of Compliance in the form attached to this Protective Order as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for enforcement of this Protective Order, and agreeing not to disclose or use any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material in a manner or for purposes other than those permitted by this Protective Order. Counsel for the Party using the expert or expert consultant shall be responsible for obtaining the signed undertaking and retaining the original, executed copy.

   b. Notwithstanding the above subparagraph (a), TCC may disclose "Confidential Information" to an expert it retains for the purpose of opining as to whether Oracle's consulting services were provided in a professional manner consistent with industry standards, even if the expert is a "competitor" of Oracle's within the meaning of Roman (i) in the above subparagraph (a), provided the scope of that expert's retention is limited to implementation (and not, for example, damages analysis), and the other conditions of the above subparagraph (a) and this Protective Order are complied with.

   c. Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an expert or expert consultant any information or item that has been designated "Highly Confidential Information - Attorneys' Eyes Only" by

another Party or non-Party must make a written request to the Designating Party that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) identifies the "Highly Confidential" Information by Bates number (or, for deposition testimony, witness, date of deposition, and page numbers), (3) identifies the expert's current employer(s), (4) identifies each person or entity from whom the expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has provided any professional services during the preceding five years.

      d.    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Discovery Material to the identified expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

      e.    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding the Party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Discovery Material to its expert.

    f.  No "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A, and such Declaration of Compliance has been served on counsel for all parties.

  13.  This Protective Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information or Highly Confidential Information for any purpose. Nothing in this Protective Order shall: (i) prevent a Designating Party from disclosing its own "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material to officers, directors, employees, agents, or advisors, including investment bankers and accountants, of the Designating Party; or (ii) impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" if such documents, materials, or information was both lawfully obtained by and lawfully retained in the possession of such Party independently of the discovery proceedings in this Action.

  14.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party or non-party may not file in the public record in this action any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material. A Party or non-party that seeks to file under seal any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material must comply with Civil Local Rule 79-5.

  15.  The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as work-product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and no Party or non-party shall be held to have waived any rights by such inadvertent production. If the claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another Party or non-party, such Party or non-party shall promptly return to the claiming Party or non-party that material as to

which the claim of inadvertent production has been made and all copies thereof, and the receiving Party or non-party shall not use such information for any purpose other than in connection with a motion to compel.  The Party or non-party returning such material may then move the Court for an order compelling production of the material.

16. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the Designating Party discloses the designation.

    a. A Receiving Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Receiving Party may proceed to the next stage of the challenge process only if it first has engaged in this meet and confer process.

    b. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding subparagraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

    c. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Designating Party's designation.

17. Entering into, agreeing to, producing, or receiving "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material pursuant to, and/or otherwise complying with the terms of, this Protective Order, or the taking of any action pursuant to this Protective Order shall not:

    a. Constitute or operate as an admission by any Designating or Receiving Party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information or Highly Confidential Information;

    b. Prejudice in any way the rights of any Designating or Receiving Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Designating or Receiving Party that the restrictions and procedures set forth in this Protective Order constitute adequate protection for any particular information deemed by any Designating Party to be Confidential Information or Highly Confidential Information;

    c. Prejudice in any way the rights of any Designating or Receiving Party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Protective Order, or otherwise constitute or operate as an admission by any Designating or Receiving Party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

    d. Prejudice in any way the rights of a Designating or Receiving Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

    e. Prejudice in any way the rights of a Designating Party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information; and/or

    f.  Prevent the Parties to this Protective Order from agreeing, in writing, to alter or waive the provisions or protections of this Protective Order with respect to any particular Discovery Material.

  18.  In the event additional persons or entities become Parties to this Action, none of such Parties' counsel, experts or expert consultants retained to assist said counsel, shall have access to Confidential Information or Highly Confidential Information produced by or obtained from any Designating Party until said Party has executed and filed with the Court its agreement to be fully bound by this Protective Order. No "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material may be provided to such Parties' counsel, experts or expert consultants unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A, and such Declaration of Compliance has been served on counsel for all parties.

  19.  It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery in this Action, but each of the Parties to this Protective Order shall be entitled to seek modification of this Protective Order, or relief from it, by application to the Court on notice to the other Parties here.

  20.  The provisions of this Protective Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals in this Action. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action in which "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material is permitted to be used, including the exhaustion of all permissible appeals, all persons and entities having received "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating

1     Party.  Outside counsel for the Parties shall be entitled to retain all filings, court papers,

2     deposition and trial transcripts, deposition and trial exhibits, and attorney work product

3     (regardless of whether such materials contain or reference Discovery Materials designated as

4     "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" by any

5     Designating Party), provided that such outside counsel, and employees and agents of such

6     outside counsel, shall not disclose any Confidential Information or Highly Confidential

7     Information contained or referenced in such materials to any person except pursuant to court

8     order or agreement with the Designating Party.  All materials, if any, returned to the Parties or

9     their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

10           21.     If any person receiving Discovery Material covered by this Protective Order (the

11     "Receiver") is:  (a) subpoenaed in or (b) served with a demand in another action to which he, she

12     or it is a party, or (c) served with any other legal process by one not a party to this Action

13     seeking Discovery Material that was produced or designated as "Confidential Information" or

14     "Highly Confidential Information - Attorneys' Eyes Only" by someone other than the Receiver,

15     the Receiver shall give actual written notice, by hand or facsimile transmission, within two (2)

16     business days of receipt of such subpoena, demand, or legal process, to the Designating Party.

17     The Receiver shall not produce any of the Designating Party's "Confidential Information" or

18     "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, until the

19     Designating Party gives notice to the Receiver that the Designating Party opposes production of

20     its "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

21     Discovery Material, and has had a reasonable opportunity to object to the production.  The

22     Designating Party shall be solely responsible for asserting any objection to the requested

23     production.  Nothing in this Paragraph shall be construed as requiring the Receiver or anyone

24     else covered by this Protective Order to challenge or appeal any order requiring production of

25     "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

26     Discovery Material covered by this Protective Order, or to subject such person to any penalties

27     for non-compliance with any legal process or order, or to seek any relief from this or any Court.

28

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

22. Any Designating or Receiving Party seeking enforcement of this Protective Order against any other Designating or Receiving Party may petition the Court by properly noticed motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

23. Violation by any person of any term of this Protective Order shall be punishable as a contempt of court. No provision of this Protective Order shall require any person, corporation, or other entity not a Party to this Action to respond to any discovery request, except as may otherwise be required by law.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

DATED: February 11, 2008

Bingham McCutchen LLP

By: /S/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Defendant
Oracle USA, Inc.

DATED: February 11, 2008

Dorsey & Whitney LLP

By: /S/ Peter W. Sipkins
Peter W. Sipkins
Attorneys for Plaintiff
Dena' Nena' Henash, Inc. d/b/a Tanana Chiefs Conference

IT IS SO ORDERED.

DATED: 3/5/08

The Honorable Claudia Wilken
United States District Court
Northern District of California

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Dena' Nena' Henash Inc. v. Oracle Corporation*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction, of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]